(Reap. Dec. 9170)

SWIZZELS, INC. v. UNITED STATES

Entry No. 849560, etc.

(Decided June 5, 1958)

*Brooks & Brooks* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

RICHARDSON, Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part thereof, have been submitted for decision upon the following stipulation of counsel:

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, subject to the approval of the court that:

1. The merchandise involved in the instant cases consists of confectionery imported from England;

2. That said merchandise was appraised on the basis of United States value;

3. That the facts with respect to the sale in the United States of the merchandise here involved are the same as those in Swizzels, Inc. v. United States, Reap. Decision 8794 and the issue herein is likewise the same;

4. That the record in said case is incorporated in the record herein;

5. That the cost of materials and fabrication, manipulation, or other process employed in manufacturing or producing such or similar merchandise at a time preceding the date of exportation of the involved merchandise which would ordinarily permit the manufacture or production thereof in the usual course of business, plus the usual general expenses (not less than 10 per centum of such cost) in the case of such or similar merchandise, plus the cost of all containers and coverings, and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, and plus an addition for profit (not less than 8 per centum of the costs of material and

fabrication or manipulation and general expenses) equal to the profit which ordinarily is added to the cost of merchandise of the same general character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind equals for each item invoice unit price, plus packing, plus drawback of 1 pence per pound of sugar content, and

6. That the instant appeals are submitted for decision on this stipulation.

On the agreed facts herein, I find that the proper basis for the determination of the value of the merchandise here involved is cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930 (19 U. S. C. § 1402 (f)), and that the cost of production of the merchandise herein is the invoice unit value, plus packing, plus drawback of 1 pence per pound of sugar content.

Judgment will be rendered accordingly.